Balám O. Letona, Esq.   SBN 229642
Law Office of Balám O. Letona, Inc.
55 River Street, Ste. 220
Santa Cruz, CA 95060
Telephone: (831) 421-0200
Facsimile: (831) 421-0400
letonalaw@gmail.com

Attorney for Plaintiff:
Norma Chavez

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSÉ DIVISION

CV11-02061

NORMA CHAVEZ,
   Plaintiffs,
v.

MONARCH LAW OFFICES, P.C., and
MICHAEL B. BENNETT, and
WESTERN DENTAL SERVCIES,
INC., DOES 1-10, inclusive,
   Defendant(s).

Case No. C07-05658

COMPLAINT FOR DAMAGES

DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq.*, and Cal. Civ. Code §1788 *et.seq.*,

## I. INTRODUCTION

1. Plaintiff, Norma Chavez, was harassed and abused by Defendants Monarch Law Office, P.C., ("MLO"), Michael B. Bennett, ("Bennett") and Western Dental Services, Inc., ("Western Dental" or collectively known as "Defendants") in an attempt to collect a disputed dental bill.

2. Defendants engaged in unlawful and abusive acts directed towards Plaintiff, including: 1) False threats of immediate suit, 2) threatening suit on a time barred debt, 3) threatening action that it intended not to do and it could not legally do 4) causing the telephone to ring repeatedly and continuously 5) engaging in false, abusive and misleading statements, all in an attempt to collect a debt that is almost 7 years old.

COMPLAINT FOR DAMAGES                                                                 1

Defendants' conduct is part of a pattern and practice of unlawful collection abuse thereby warranting punitive damages.

## II. PURPOSE OF THE FAIR DEBT COLLECTION PRACTICES ACT

3. Congress created federal laws to remedy the injuries Plaintiff suffered because it found that existing laws and procedures, including common law, were inadequate.

4. In enacting the Fair Debt Collection Practices Act in 1978, the U.S. Congress found:

    a. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commence.

    e. It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692a.

5. Defendants' unlawful collection practices caused Plaintiff to suffer emotional distress in the form of fear, anxiety, stress, shock, humiliation, nervousness, despair, embarrassment, depression, marital instability, inability to sleep, increased appetite, headaches, amongst other negative emotions.

6. This is action brought by Plaintiff for statutory, and actual damages against Defendants, pursuant to federal and state debt collection laws, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//
//
//

## III. FACTUAL ALLEGATIONS

7. Almost seven years ago, in June 2004, Plaintiff received mediocre and unacceptable dental services from Western Dental. After Plaintiff received the services her insurance carrier paid Western Dental.

8. However, later Western Dental alleged a balance remained due of a few hundred dollars. ("the debt") The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9. In August 2004 Plaintiff disputed owing the debt to Western Dental, stated she wouldn't pay and requested that Western Dental fix the dental work it performed.

10. Western Dental began to collect the debt and began an unlawful, harassing and threatening collection campaign.

11. Western Dental threatened to garnish her wages, put a lien on her property and take legal action if she did not pay. Western Dental stated it would charge Plaintiff all the costs associated with garnishment, taking a lien and legal action and that she would owe more. Furthermore, Western Dental stated it would report the debt on her credit report.

12. Later, in 2006 Western Dental referred the debt to one of its debt collectors. However, Plaintiff disputed the debt and she no longer heard from that debt collector or Western Dental and she believed the dispute over the debt had resolved.

**Defendants Resume the Unlawful Collection Campaign in 2010**

13. More than six years after the original dispute the Defendants renewed attempts to collect on the disputed and unlawful debt.

14. On or about April 30, 2010, Plaintiff received a telephone call from Defendants.

15. Defendants told Plaintiff that they were collecting for Western Dental, that she owed a debt for dental services and that she must pay immediately.

COMPLAINT FOR DAMAGES 3

16. Plaintiff reiterated to Defendants that she disputed the debt. Defendants told her that her dispute didn't matter, Defendants didn't care and that because she allegedly signed a contract she must pay.

17. During the April 30th telephone call Defendants told Plaintiff that she must pay immediately or Defendants would sue her and she would have to pay attorney fees, costs of the court and Defendants would garnish her wages.

18. Defendants threatened suit on a time barred debt.

19. Defendants told her she must pay now or it would be more expensive later with the added attorney fees, court costs and other costs.

20. Plaintiff received further threatening, intimidating and harassing telephone calls from Defendants after the April 30th telephone call. Defendants intimidated her and said they were recording the conversations and that they would track her down.

21. Defendants continued to call continually and without ceasing from April 30, 2010 including through the end of October 2010.

22. Defendants caused the telephone to ring repeatedly and continuously.

23. Plaintiff became scared, nervous, stressed and frightened to answer the telephone.

24. Defendants left telephone messages where Defendants stated only that it was calling from Monarch Law Offices for Western Dental, provided a telephone number to call and a reference number.

25. Defendants MLO, and Bennett only communicated with Plaintiff via telephone and not through any other means and the April 30, 2010 telephone call was the first communication from Defendants MLO, and Bennett to Plaintiff.

26. All of the communications as described above were "communications" in an attempt to collect a debt as that term is defined by U.S.C. § 1692a(2).

27. It was the pattern, practice, and business plan of the Defendants to engage in the abusive and deceptive conduct described in this complaint.

28. Defendants' unlawful collection practices caused Plaintiff to suffer severe and serious emotional distress in the form of fear, anxiety, stress, shock, humiliation, nervousness,

despair, embarrassment, depression, marital instability, inability to sleep, increased appetite, headaches, amongst other negative emotions.

## IV. JURISDICTION & VENUE

29. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 18 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

30. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the vents or omissions giving rise to the claim occurred in this judicial district.

31. Venue is also proper in this judicial district pursuant to 15 U.S.C § 1692k(d), in that the Defendants transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## V. PARTIES

32. Plaintiff, Norma Chavez, is a natural person residing in Santa Cruz County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

33. Defendant, Monarch Law Offices, P.C., is an Oregon Professional Corporation that is engaged in the business of collecting debts in this state. The principal business of MLO is the collection of debts using the mails and phone and MLO regularly attempts to collect debts alleged to be due another. MLO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). MLO is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et.seq.*, and is a "debt collector" as that term is defined by Cal. Civil Code § 1788.2(c).

34. Defendant Michael B. Bennett, Esq., is a natural person, attorney and resident of the state of Oregon and a principle of Monarch Law Offices, P.C. Bennett regularly attempts to collect debts alleged to be due another. Bennett is a "debt collector within the meaning of 15 U.S.C. § 1692 *et.seq.* Plaintiff is informed and believes, and thereon alleges that Bennett is liable for the acts of MLO because he sets, approves, manages, and directs MLO's collection policies, practices, procedures and he directed, approved, and/or ratified the unlawful activities described in this complaint.

35. Defendant Western Dental Services, Inc., is a California Corporation that is engaged in the business of collecting debts in this state. Western Dental uses the mails and phone and regularly attempts to collect debts alleged to be due. Western Dental is a "debt collector" as that term is defined by Cal. Civil Code § 1788.2(c).

36. At all times mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

37. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants, DOES 1-10, inclusive, were and are individuals, corporations, entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction and that said Defendants, and each of them, have regularly conducted business in the County of Santa Cruz and this judicial district. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or otherwise, or defendants sued herein as DOES 1 – 10. Plaintiff will seek leave to amend this complaint when the true names and capacities of said defendants are ascertained.

## VI. FIRST CAUSE OF ACTION – FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

39. Defendants Bennett, and MLO acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 et.seq., including but not limited to violations of § 1692c, 1692(c)(a)(1), 1692d, 1692d(1), 1692d(2), 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692g.

40. Defendants Bennett, and MLO acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41. As a result of Defendants' violations, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k *et.seq.*

### VII. SECOND CAUSE OF ACTION – ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

43. Defendants MLO, and Western Dental willfully and knowingly violated the provisions of the Rosenthal Act through its acts and omissions, and course of conduct as more fully described above. Such acts and omissions constitute violations of the Rosenthal Act, including but not limited to: Cal. Civil Code § 1788.11(d), Cal. Civil Code § 1788.11(e), Cal. Civil Code § 1788.13(e), Cal. Civil Code § 1788.13(j) and Cal. Civil Code § 1812.700 *et.seq.*

44. Defendants MLO, and Western Dental willfully violated Cal. Civil Code § 1788.17 by violating those provisions of 15 U.S.C. § 1692 *et.seq.*, and engaging in abusive, unlawful, false and misleading communications, including those set forth above.

### VIII. PRAYER FOR RELIEF

45. Wherefore, the Plaintiff prays for the following relief:

   a. For compensatory, actual, and statutory damages.
   b. For statutory damages, actual damages, and attorney fees pursuant to Cal. Civil Code §§ 1788.17, 1788.30, and 15 U.S.C. §1692k.
   c. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
   d. For such other and further relief as the Court may deem just and proper.

//
//
//

Dated: April 26, 2011

Law Office of Balám O. Letona, Inc.

_____
Balám O. Letona, Esq.
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff Norma Chavez hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

_____
Balám O. Letona, Esq.